UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARK DYE,<br><br>                                    Plaintiff,<br><br>     - against -<br><br>KATE SPADE & COMPANY, KATE SPADE, LLC, MACY'S, INC., MACYS.COM, LLC, BLOOMINGDALE'S, INC., BLOOMINGDALES.COM, LLC, NORDSTROM, INC., DILLARD'S, INC., LENOX CORPORATION, FIFTH & PACIFIC COMPANIES COSMETICS, INC., and LIZ CLAIBORNE COSMETICS, INC.<br><br>                                    Defendants. | Docket No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Mark Dye ("Dye" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendants Kate Spade & Company ("Spade"), Kate Spade, LLC ("Spade, LLC"), Macy's Inc. ("Macys"), Macy's, LLC (Macys, LLC), Bloomingdale's, Inc. ("Bloomingdales"), Bloomingdales.com, LLC, (Bloomingdales, LLC), Nordstrom, Inc. ("Nordstrom"), Dillard's Inc., ("Dillards"), Lenox Corporation ("Lenox"), Fifth & Pacific Companies Cosmetics, Inc. ("Fifth"), Liz Claiborne Cosmetics, Inc. ("Claiborne" and together with Spade, Spade, LLC, Macys, Macys, LLC, Bloomingdales, Bloomingdales, LLC, Nordstrom, Dillards, Lenox, and Fifth "Defendants") hereby alleges as follows:

### NATURE OF THE ACTION

1.      This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Defendant's unauthorized reproduction, commercial use, and

public display of a copyrighted photograph of a bride in a wedding gown owned and registered by Dye, a New York City based photojournalist. Accordingly, Dye seeks injunctive and monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendants' because Defendants' reside in and/or are doing business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Dye is an award-winning professional photojournalist in the business of licensing his photographs to online and print media companies and television stations for a fee, having a usual place of business at 267 York Street, No. 2, Jersey City, NJ 07302. Dye is on the Board of Trustees of the New York Press Photographers Association. Dye's work have been displayed in numerous exhibits including The Rising Water Exhibit at the City Museum of New York and on the front covers of the various publications including The New York Times, Washington Post, and Wall Street Journal. Dye's past assignments include traveling to Iraq to photograph the 2nd Brigade, 10th Mountain Division during the War in Iraq, the Haitian Earthquake, Hurricane Sandy and Irene and numerous other breaking news events.

6. Upon information and belief, Spade is a corporation duly organized and existing under the laws of the State of Delaware, with a principal place of business at 2 Park Avenue New York, New York 10016. Upon information and belief, Spade is registered with the New York

Department of State, Division of Corporations to do business in the State of New York. At all times material hereto, Spade has operated and continues to operate one-hundred and forty retail shops and outlets stores around the United States and over one-hundred seventy-five stores internationally. Spade products are also sold in more than four hundred and fifty other retail outlets around the world.

7. Upon information and belief, Spade, LLC is a corporation duly organized and existing under the laws of the State of Delaware, with a principal place of business at 2 Park Avenue, New York, New York, 10016. Upon information and belief, Spade, LLC is registered with the New York Department of State, Division of Corporations to do business in the State of New York. At all times material hereto, Spade has operated and continues to operate a website at the URL: www.KateSpade.com.

8. Upon information and belief, Macys is a corporation duly organized and existing under the laws of the State of Delaware, with a principal place of business at 7 West Seventh Street, Cincinnati, OH 45202. At all materials hereto, Macys owns and operates seven hundred sixty-nine stores around the United States including a flagship store located at 151 West 34th Street, New York, NY 10001.

9. Upon information and belief, Macys, LLC is a corporation duly organized and existing under the laws of the State of Ohio, with a principal place of business at 680 Folsom Street, San Francisco, CA 94107. Upon information and belief, Macys, LLC is registered with the New York Department of State, Division of Corporations to do business in the State of New York. At all times material hereto, Macys, LLC has operated and continues to operate a website at the URL: www.Macys.com.

10. Upon information and belief, Bloomingdales is a corporation duly organized and existing under the laws of the State of Ohio, with a place of business at 1000 Third Avenue, New York, NY 10022. At all materials hereto, Bloomingdales owns and operates forty-three retail stores around the United States.

11. Upon information and belief, Bloomingdales, LLC is a corporation duly organized and existing under the laws of the State of Ohio, with a principal place of business at 1000 Third Avenue, New York, NY 10022. Upon information and belief, Bloomingdales, LLC is registered with the New York Department of State, Division of Corporations to do business in the State of New York. At all materials hereto, Bloomingdales, LLC has operated and continues to operate a website at the URL: www.Bloomingdales.com.

12. Upon information and belief, Nordstrom is a corporation duly organized and existing under the laws of the State of Washington, with a principal place of business at 1617 Sixth Avenue, Seattle, WA 98101. Upon information and belief, Nordstrom is registered with the New York Department of State, Division of Corporations to do business in the State of New York. At all materials hereto, Nordstrom owns and operates three hundred twenty-three retail stores around the United States and Canada including a store located at 60 East 14th Street, New York, NY 10003. At all materials hereto, Nordstrom, has operated and continues to operate a website at the URL: www.Shop.Norstrom.com.

13. Upon information and belief, Dillards is a corporation duly organized and existing under the laws of the State of Delaware with a principal place of business at 1600 Cantrell Road, Little Rock, AR 72201. At all materials hereto, Dillards owns and operated three-hundred thirty retail stores around the United States. At all materials hereto, Dillards, has operated and continues to operate a website at the URL: www.Dillards.com.

14. Upon information and belief, Lenox Corporation is corporation duly organized and existing under the laws of Delaware with a principal place of business at 1414 Radcliffe Street, Bristol, Pennsylvania, 19007. Upon information and belief, Lenox is registered with the New York Department of State, Division of Corporations to do business in the State of New York.

15. Upon information and belief, Fifth is a corporation duly organized and existing under the laws of Delaware with a principal place of business at 2 Park Avenue, New York, New York, 10016. Upon information and belief, Fifth is registered with the New York Department of State, Division of Corporations to do business in the State of New York.

16. Upon information and belief, Claiborne is duly organized and existing under the laws of Delaware with a principal place of business at 2 Park Avenue, New York, New York, 10016. Upon information and belief, Claiborne is registered with the New York Department of State, Division of Corporations to do business in the State of New York.

## STATEMENT OF FACTS

**A.    Background and Plaintiff's Ownership of the Photograph**

17. Dye photographed a bride and groom before their wedding party. A true and correct copy of said photograph (the "Photograph") is attached hereto as Exhibit A (*The Wedding Dress*).

18. Dye is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyrights thereto.

19. The Photograph is registered with Copyright Office and were given Copyright Registration Number VAu 1-233-792. A true and correct copy of the Certificate of Registration of the Photograph is attached hereto as Exhibit B.

B.     **Defendants' Infringing Activities**

20.    **Spade:** Upon information and belief, Spade copied and printed the Photograph and placed the Photograph in their Kate Spade Grace Avenue Frames which come in a variety of different sizes including five by seven inches, eight by ten inches, and a double invitation frame to sell to the public in their stores. The price of the frames ranges from fifty to one-hundred US dollars.

21.    Upon information and belief, Spade copied and printed the Photograph and placed the Photograph in their Kate Spade Darling Point Frame which come in a variety of different sizes including five by seven inches, eight by ten inches, and a double invitation frame to sell to the public in their stores. The price of the frames ranges from seventy-five to one-hundred US dollars.

22.    Upon information and belief, Spade copied and printed the Photograph and placed the Photograph in their Larabee Dot Frames which come in a variety of different sizes including three by three inches and five by seven inches. The price of the frames starts at one-hundred twenty-five dollars.

23.    Spade are selling the Grace Avenue Frames, Darling Point Frames, and Larabee Dot Frames in their physical stores around the country.

24.    Spade did not license the Photograph from Plaintiff nor did Plaintiff give Spade any permission to use the Photograph for any purpose including for commercial use.

25.    **Spade, LLC:** Upon information and belief, Spade, LLC copied and printed the Photograph and placed the Photograph in their Kate Spade Grace Avenue Frames which come in a variety of different sizes including five by seven inches, eight by ten inches, and a double invitation frame to sell to the public in their websites including by not limited to

www.KateSpade.com and www.KateSpadeHome.com.au. The price of the frames ranges from fifty to one-hundred US dollars. A true a correct copy of the Grace Avenue Frame on www.KateSpade.com.au is attached here to as Exhibit C.

26. Upon information and belief, Spade copied and printed the Photograph and placed the Photograph in their Kate Spade Darling Point Frame which come in a variety of different sizes including five by seven inches, eight by ten inches, and a double invitation frame to sell to the public in their stores. The price of the frames ranges from seventy-five to one-hundred US dollars. A true and correct copy of the Darling Point Frames and Larabee Dot Frames is attached here to as Exhibit D.

27. Upon information and belief, Spade copied and printed the Photograph and placed the Photograph in their Larabee Dot Frames which come in a variety of different sizes including three by three inches and five by seven inches. The price of the frames start at one-hundred twenty five dollars.

28. Spade, LLC are selling the Grace Avenue Frames, Darling Point Frames, and Larabee Dot Frames (all together "Frames") on their websites including by not limited to www.KateSpade.com and www.KateSpadeHome.com.au.

29. Spade did not license the Photograph from Plaintiff nor did Plaintiff give Spade any permission to use the Photograph for any purpose including for commercial use on their websites including by not limited to www.KateSpade.com and www.KateSpadeHome.com.au.

30. **<u>Macys and Macys, LLC-</u>** Upon information and belief, Spade provide the Frames that contained the Photographs to Macy and Macy, LLC to sell in their physical stores and on their website www.Macys.com. A true and correct copy of the Frames on

www.Macys.com is attached hereto as Exhibit E. True and correct copies of photos of the Grace Avenue Frame in a Macys store is attached hereto as Exhibit F.

31. Macys and Macys, LLC did not license the Photograph from Plaintiff, nor did Macys and Macys, LLC have Plaintiff's permission or consent to public display the Photograph in the Frames in their retail stores and on their website.

32. **Bloomingdales and Bloomingdales, LLC**- Upon information and belief, Spade provide the Frames that contained the Photograph to Bloomingdales and Bloomingdales, LLC to sell in their physical stores and on their website www.Bloomingdales.com A true and correct copy of the Frames on www.Bloomingdales.com is attached hereto as Exhibit G.

33. Bloomingdales and Bloomingdales, LLC did not license the Photograph from Plaintiff, nor did Bloomingdales and Bloomingdales, LLC have Plaintiff's permission or consent to publically display the Photograph in the Frames in their retail stores and on their website.

34. **Nordstrom-** Upon information and belief, Spade provide the Frames that contained the Photograph to Nordstrom to sell in their physical stores and on their website www.Shop.Nordstrom.com A true and correct copy of the Frames on www.Shop.Nordstrom.com is attached hereto as Exhibit H.

35. Nordstrom did not license the Photograph from Plaintiff, nor did Nordstrom have Plaintiff's permission or consent to publically display the Photograph in the Frames in their retail stores and on their website.

36. **Dillards-** Upon information and belief, Spade provide the Frames that contained the Photograph to Dillards to sell in their physical stores and on their website www.Dillards.com. A true and correct copy of the Frames on www.Dillards.com is attached hereto as Exhibits I.

37. Dillards did not license the Photograph from Plaintiff, nor did Dillards have Plaintiff's permission or consent to publically display the Photograph in the Frames in their retail stores and on their website.

38. **Lenox-** Upon information and belief, Lenox was involved in the creation of the Grace Avenue Frames, Darling Point Frames, and Larabee Dot Frames for Spade.

39. Lenox did not license the Photograph from Plaintiff, nor did Lenox have Plaintiff's permission or consent to publically display the Photograph in the Frames.

40. **Fifth and Claiborne-** Upon information and belief, Fifth and Claiborne were involved in the creation of the Grace Avenue Frames, Darling Point Frames, and Larabee Dot Frames.

41. Fifth and Claiborne did not license the Photograph from Plaintiff, nor did Fifth and Claiborne have Plaintiff's permission or consent to publically display the Photograph in the Frames.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST SPADE, SPADE, LLC, MACYS, MACYS, LLC, BLOOMINGDALES, BLOOMINGDALES, LLC, NORDSTROM, DILLARDS, LENOX, FIFTH, CLAIBORNE)**
**(17 U.S.C. §§ 106, 501)**

42. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-41 above.

43. Spade infringed Plaintiff's copyright in Photograph by reproducing and publically displaying the Photograph in their Frames for a commercial use to sell in their stores. Spade is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph for any purpose.

44.     Spade, LLC infringed Plaintiff's copyright in Photograph by reproducing and publically displaying the Photograph in their Frames for a commercial use to sell on their websites. Spade, LLC is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph for any purpose.

45.     Macys infringed Plaintiff's copyright in Photograph by reproducing and publically displaying the Photograph in their Frames for a commercial use to sell on their stores. Macys is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph for any purpose.

46.     Macys, LLC infringed Plaintiff's copyright in Photograph by reproducing and publically displaying the Photograph in their Frames for a commercial use to sell on their website. Macys, LLC is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph for any purpose.

47.     Bloomingdales infringed Plaintiff's copyright in Photograph by reproducing and publically displaying the Photograph in their Frames for a commercial use to sell on their stores. Bloomingdales is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph for any purpose.

48.     Bloomingdales, LLC infringed Plaintiff's copyright in Photograph by reproducing and publically displaying the Photograph in their Frames for a commercial use to sell on their website. Bloomingdales, LLC is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph for any purpose.

49.     Nordstroms infringed Plaintiff's copyright in Photograph by reproducing and publically displaying the Photograph in their Frames for a commercial use to sell on their stores

and website. Nordstroms is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph for any purpose.

50. Dillards infringed Plaintiff's copyright in Photograph by reproducing and publically displaying the Photograph in their Frames for a commercial use to sell on their stores and website. Dillards is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph for any purpose.

51. Lenox infringed Plaintiff's copyright in Photograph by reproducing and publically displaying the Photograph in their Frames for a commercial use to sell to the public. Lenox is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph for any purpose.

52. Fifth infringed Plaintiff's copyright in Photograph by reproducing and publically displaying the Photograph in their Frames for a commercial use to sell to the public. Lenox is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph for any purpose.

53. Claiborne infringed Plaintiff's copyright in Photograph by reproducing and publically displaying the Photograph in their Frames for a commercial use to sell to the public. Lenox is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph for any purpose.

54. The acts of Defendants complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

55.     Upon information and belief, the foregoing acts of infringement by Defendants have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

56.     As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendants profits pursuant to 17 U.S.C. § 504(b) for the infringement.

57.     Defendants conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages.  Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting further infringement of Plaintiff's copyrights and exclusive rights under copyright.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1.  That Defendants be adjudged to have infringed upon Plaintiff's copyright in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2.  That Defendants, and their officers, directors, employees, agents, representatives, affiliates, subsidiaries, distributors, licensees, and all persons or entities acting in concert or participation with any Defendant, be enjoined from copying, reproducing, distributing, adapting, or publicly displaying Plaintiff's Photograph pursuant to 17 U.S.C. § 502;

3.  Plaintiff be awarded Plaintiff's actual damages and Defendants profits, gains or advantages of any kind attributable to Defendants infringement of Plaintiff's Photograph.

4. That Defendants be required to account for all profits, income, receipts, or other benefits derived by Defendants as a result of their unlawful conduct;

5. That Plaintiff be awarded pre-judgment interest; and

6. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
July 19, 2016

LIEBOWITZ LAW FIRM, PLLC

By: /s/ Richard Liebowitz
Richard P. Liebowitz
11 Sunrise Plaza, Suite 301
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Mark Dye*